UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-1719-MWF (AGRx)     **Date:**  April 30, 2020
**Title:**  Inna Akobdzhanyan v. Volvo Car USA, LLC

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION TO REMAND [8]

Before the Court is Plaintiff Inna Akobdzhanyan's Motion to Remand (the "Motion"), filed on March 17, 2020. (Docket No. 8). Defendant Volvo Car USA, LLC ("Volvo") filed an Opposition on March 30, 2020. (Docket No. 9). Plaintiff filed a Reply on April 6, 2020. (Docket No. 10).

The Motion was noticed to be heard on April 20, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also supported by the COOP arising from the COVID-19 emergency.

For the reasons discussed below, the Motion is **DENIED**. The Court has diversity jurisdiction over this action, and the Court also declines to order sanctions.

**I.   BACKGROUND**

On January 13, 2020, Plaintiff commenced this action in Los Angeles Superior Court. (Notice of Removal ("NoR") ¶ 1 (Docket No. 1)). In the Complaint, Plaintiff asserts claims against Volvo for (1) violation of the Song Beverly Consumer Warranty Act; and (2) breach of implied warranties pursuant to the Song Beverly Act. (*See generally* Complaint (Docket No. 1-2)). Specifically, Plaintiff alleges that the 2018 Volvo S90 she purchased, which was subject to certain warranties, was "defectively manufactured, designed, and/or assembled." (*Id*. ¶¶ 6-9). The vehicle had a variety of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-1719-MWF (AGRx) | **Date:** April 30, 2020 |
| **Title:** Inna Akobdzhanyan v. Volvo Car USA, LLC | |

issues, and each time Plaintiff took the vehicle into an authorized repair facility to fix the issues. (*Id*. ¶¶ 11-14).

Aside from Volvo, the Complaint only mentions one other entity by name: Rusnak Pasadena Volvo ("Rusnak"), the car dealership where Plaintiff purchased her vehicle. The Complaint mentions Rusnak two times; first, in reference to the fact that Plaintiff purchased her vehicle from Rusnak, and second, that Plaintiff told Rusnak that the vehicle was not fit for the purposes as it was ordinarily used. (*Id*. ¶¶ 7, 22). However, Rusnak is not a named defendant in this action.

On February 21, 2020, Volvo removed this suit from state court to this Court. (*See* NoR).

## II. LEGAL STANDARD

Removal from state court to this Court is proper when diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

A defendant carries the "burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover, when the "complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets" the $75,000 threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 676, 683 (9th Cir. 2006). All the following can be used to show that the amount in controversy threshold has been met: (i) general damages; (ii) special damages; (iii) attorneys' fees if recoverable; and punitive damages if recoverable. *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

Finally, if any doubt exists as to whether the removing party has the right to removal, the "case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1719-MWF (AGRx)                           Date:  April 30, 2020
Title:      Inna Akobdzhanyan v. Volvo Car USA, LLC

## III. PRELIMINARY MATTERS

### A. Meet and Confer

Both parties accuse each other of failing to comply with Local Rule 7-3, which details the requirements of meeting and conferring prior to filing a motion. (Motion at 4-5; Opposition at 7-8). Specifically, Plaintiff seeks sanctions because Volvo "was unable to substantiate its removal legally, factually, substantively, and procedurally," while Volvo claims Plaintiff failed to comply with L.R. 7-3 because Plaintiff's counsel simply kept repeating "the removal is deficient, defendant has the burden." (*Id.*).

The Court will not impose sanctions or deny the Motion on the basis of the parties' alleged failures to comply with L.R. 7-3, considering the parties did have a call to discuss this Motion, at least in some capacity. However, the Court warns both parties to *scrupulously* comply with *all* applicable Local Rules going forward in this matter.

### B. Evidentiary Objections

After Volvo filed its Opposition, Plaintiff filed Evidentiary Objections and a Motion to Strike with respect to the evidence cited by Volvo in support of its Opposition. (Docket No. 11). Specifically, Plaintiff objects to the Declaration of Austin Henderson cited by Volvo in support of the NoR ("Henderson Declaration"). (Docket No. 1-1).

None of Plaintiff's objections are convincing, as many are garden variety evidentiary objections based on lack of foundation and improper conclusions. In ruling on the Motion, the Court relies only upon admissible evidence. To the extent the Court relies upon evidence to which Plaintiffs object, the objections are **OVERRULED**. To the extent the Court does not, the objections are **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1719-MWF (AGRx)                    Date:  April 30, 2020
Title:     Inna Akobdzhanyan v. Volvo Car USA, LLC

### C. Request to Cross-Examine Declarant Austin Henderson

After Volvo filed its Opposition, Plaintiff also filed a request to cross-examine Austin Henderson in response to his declaration (the "Request").  (Docket No. 12). Specifically, Plaintiff argues that cross-examination will reveal that Henderson, who is Volvo's attorney, "is attempting to testify concerning facts about which he lacks personal knowledge, and that his claim to have personal knowledge of the alleged facts is untrue."  (*Id*. at 2).

The Request is not well taken.  Cross-examination of opposing counsel is an extremely drastic remedy which is not justified by the facts here, and is likely being used by Plaintiff as an intimidation tactic.  Plaintiff's counsel is warned that future frivolous requests will be dealt with as appropriate, including the possible imposition of sanctions.  Accordingly, the Request is **DENIED**.

## IV. DISCUSSION

In the Motion, Plaintiff bases her argument on the existence of potential defendants who would defeat diversity.  Specifically, Plaintiff argues that when the Complaint was filed, Plaintiff "did not know the true name of certain California-based automotive dealerships that serviced the vehicle, and thus they were named using the fictious names DOES 1 to 25."  (Motion at 1).  Plaintiff claims that she "intended to amend the Complaint to name that California-based entity once Plaintiff learned its true legal name."  (*Id*.).  Plaintiff faults Volvo for removing the action to this Court "even though it knows that adding the servicing dealership, as Plaintiff has intended would destroy diversity."  (*Id*. at 2).

In its Opposition, Volvo argues that the Court has diversity jurisdiction over this action as there is complete diversity between the parties.  First, Volvo, citing the Henderson Declaration, states that it is an LLC organized under the laws of Delaware with its principal place of business in New Jersey, while Plaintiff is a citizen of California. (Opposition at 8).  Accordingly, there is diversity between the parties currently in the action.  (*Id*.).  As for the unnamed defendants, Volvo argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-1719-MWF (AGRx)**                           **Date:  April 30, 2020**
**Title:      Inna Akobdzhanyan v. Volvo Car USA, LLC**

(i) none of those Defendants were served or named at the time of removal or in the Motion; and (ii) joining the alleged California servicing dealer would be a fraudulent joinder.  (*Id*. at 13).

The Court agrees with Volvo.  As an initial matter, it is unnecessary for the Court to undertake a premature fraudulent joinder analysis in order to rule on this Motion; despite referencing certain entities that *could* become defendants in her Motion, Plaintiff has not named them to date, and has made no effort to do so.  Accordingly, the Court will not consider the alleged citizenship of fictitious defendants in determining whether it has jurisdiction.  *See, e.g., Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *3 (C.D. Cal. Apr. 3, 2020) (Pursuant to the Judicial Improvements and Access to Justice Act, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.") (citing 28 U.S.C. § 1441(b)(1); citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)).

The Court determines that the requirements of 28 USC 1332(a) have been satisfied.  First, there is complete diversity between the parties.  Plaintiff concedes that she is domiciled in California.  (Reply at 3).  While Plaintiff argues that "[p]roof of domicile is not sufficient to establish citizenship," that is wrong as a matter of law.  (Reply at 3).  *See Amerault v. Intelcom Support Servs., Inc.*, 16 F. App'x 724, 725 (9th Cir. 2001) ("For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed.")  Accordingly, Plaintiff is a citizen of California for the purposes of diversity jurisdiction.

As for Volvo, the Henderson Declaration states that Volvo "is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey."  (Henderson Declaration ¶ 4).  This is confirmed by caselaw, which establishes that Volvo is not a California citizen for the purposes of diversity jurisdiction.  *See, e.g.*, *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622, 624 (7th Cir. 2017) ("Volvo Cars USA is a Delaware limited liability company controlled by Volvo Cars of North America (another Delaware LLC), which is itself

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-1719-MWF (AGRx)                    Date:  April 30, 2020
Title:    Inna Akobdzhanyan v. Volvo Car USA, LLC

wholly owned by its Swedish parent (a publicly traded, share-based limited liability company, or AB, with its principal place of business in Gothenburg, Sweden)."  While Plaintiff is correct that the Henderson Declaration by itself would be insufficient to establish Volvo's citizenship – as it appears to assume the citizenship test for corporations applies here – *Laurens* demonstrates that the showing here is barely adequate.

Second, the Court determines that the amount of controversy requirement has been satisfied.  Plaintiff argues in her Reply that "[w]hile Defendant's notice of removal and opposition brief includes an argument claiming that the amount in controversy in this case exceeds $75,000, Defendant has submitted no evidence to support the arguments that it makes."  (Reply at 3).  The Court disagrees.  In its NoR, Volvo points to the purchase price of the vehicle ($36,646.74), the fact that the Complaint seeks "three times general and special damages according to proof," attorneys' fees, civil penalties of "not less than two times the amount of actual damage," and other "incidental and consequential damages according to proof."  (NoR ¶ 15) (citing Complaint ¶¶ 7, 20, 25, 26, Prayer for Relief).  The Court agrees with Volvo that this is more than sufficient to meet the amount in controversy requirement.

Therefore, the Court is satisfied that it has diversity jurisdiction over this action.  But because the Court has a *sua sponte* duty to determine jurisdiction, Volvo must submit a declaration that describes the citizenship of every member of the LLC.

V.    **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.  However, Volvo is **ORDERED** to submit a declaration that describes the citizenship of every member of the LLC by **May 15, 2020**.

IT IS SO ORDERED.